# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.                                        Criminal Action No. 1:14-cr-78-2

CARY DAILEY,
        Defendant.

## OPINION/ REPORT AND RECOMMENDATION
## CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Cary Dailey, in person and by counsel, Darrell Ringer, appeared before me on January 27, 2015. The Government appeared by Assistant United States Attorney Stephen Warner. The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count Two of the Indictment.

The Court proceeded with the Rule 11 proceeding by first placing Defendant under oath.

The Court inquired of Defendant whether he was a citizen of the United States. Defendant responded that he is a citizen. The undersigned asked Defendant whether he understood that if he were not a citizen of the United States, by pleading guilty to a felony charge he would be subject to deportation at the conclusion of any sentence; that he would be denied future entry into the United States; and that he would be denied citizenship if he ever applied for it. Defendant stated that he understood.

The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel Defendant if the agreement was the sole agreement offered to Defendant. Counsel for Defendant stated that there had been prior discussions, but that this was the only written agreement offered to Defendant. The Court asked counsel for the Government to summarize the written plea agreement. Defendant stated

that the agreement as summarized by counsel for the Government was correct and complied with his understanding of the agreement. The Court **ORDERED** the written plea agreement filed.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Cary Dailey, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then reviewed with Defendant Count Two of the Indictment and the elements the Government would have to prove, charging him with aiding and abetting the possession with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2. The undersigned then reviewed with Defendant the statutory penalties applicable to an

individual adjudicated guilty of the felony charge contained in Count Two of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on Count Two was imprisonment for a term of not more than twenty (20) years; understood that a fine of not more than $1,000,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood he would be subject to a period of at least three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. Defendant also understood that his sentence could be increased if he had a prior firearm offense, violent felony conviction, or prior drug conviction. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

The undersigned also reviewed with Defendant his waiver of appellate rights as follows:

Ct. Now, did you and Mr. Ringer discuss that under chapter 28 of the United States Code, Section 2255, you may file what is called a motion to collaterally attack or challenge your sentence and how it's being carried out?

Def. Yes, sir.

Ct. Did you and Mr. Ringer–that's commonly called a habeas corpus motion, does that sound familiar to you?

Def. Yes, sir.

Ct. In fact, there are a number of federal statutes that folks in prison may file a writ of habeas corpus type motion under. Now, did you also discuss with Mr. Ringer the fact that, if you give notice within 14 days of sentencing, you can appeal your conviction and sentence to the Fourth Circuit Court of Appeals, the appeals court?

Def. Yes, sir.

Ct. You talked that over with him?

Def. Yes, sir.

Ct. Now, did you understand that under paragraph 12(a), if the District Judge's actual sentence is the same as or equal to a Guidelines sentence that starts out with a base offense level of 24 or below, then you give up your right to appeal that conviction and sentence to the Fourth Circuit Court of Appeals?

Def. Yes, sir.

Ct. You understood that?

Def. Yes, sir.

Ct. You also give up your right to collaterally attack or challenge that sentence and how it's being carried out by filing a writ of habeas corpus type of motion?

Def. Yes, sir.

Ct. The only thing you reserve under habeas corpus is the right to file a claim asserting that there was ineffective assistance of counsel or there was prosecutorial misconduct in your case.

Def. Yes, sir.

Ct. And you're only able to file on those grounds if you learn about that prosecutorial misconduct or you learn about that ineffective assistance of counsel after today.

Def. Yes, sir.

Ct. Do you know of any prosecutorial misconduct as you sit here today?

Def. No, sir.

Ct. Do you know of any ineffective assistance of counsel as you sit here today?

Def. No, sir.

Ct. And if you knew of those things, you'd tell me, wouldn't you?

Def. Yes, sir.

Ct. Did you understand the waiver you signed in paragraph 12(a) and (b) when you signed the plea agreement on January the 13th of this year?

Def. Yes, sir.

Ct. Has anything about your understanding of those paragraphs changed since you signed it and today?

Def. No, sir.

From the foregoing colloquy the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights pursuant to the conditions contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned then inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or

representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Two of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felony charged under Count Two of the Indictment. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulation contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised,

and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not have a right to withdraw his guilty plea. Defendant further stated his attorney showed him how the advisory guideline chart worked but did not promise him any specific sentence at the time of sentencing. Defendant stated that he understood his attorney could not predict or promise him what actual sentence he would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system, although he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Defendant also agreed to the administrative forfeiture of the $15,528.00 seized on September 18, 2014. He waived the right to notice regarding the forfeiture and agreed that neither he nor anyone acting for him shall appear in or pursue any action to contest the forfeiture.

The Court heard the testimony of Sergeant Todd Forbes of the Monongalia County Sheriff's Department. Sergeant Forbes is currently assigned to the Mon Valley Drug and Violent Crimes Task Force. On September 18, 2014, Sergeant Forbes and other officers executed a State search warrant at a residence in Monongalia County, West Virginia, within the Northern District of West Virginia. Prior to executing the search warrant, officers conducted surveillance and observed Defendant and co-defendant Caraun Key engaging in hand-to-hand transactions outside of the residence. Upon execution of the search warrant, officers located at least 670 oxycodone 30 mg pills inside the residence. The quantity of oxycodone was a distribution-level quantity. Officers also located Defendant and co-defendant Key in the residence.

Defendant stated he heard, understood, and did not disagree with Sergeant Forbes' testimony. The undersigned United States Magistrate Judge concludes the offense charged in Count Two of the Indictment are supported by an independent basis in fact concerning each of the essential elements of such offense. That independent basis is provided by Sergeant Forbes' testimony.

Thereupon, Defendant, Cary Dailey, with the consent of his counsel, Darrell Ringer, proceeded to enter a verbal plea of **GUILTY** to the felony charge in Count Two of the Indictment.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Count Two of the Indictment; Defendant understood the consequences of his plea of guilty, in particular the maximum statutory penalty to which he would be exposed for Count Two; Defendant made a knowing and voluntary plea of guilty to Count Two of the Indictment; and Defendant's plea is independently supported by Sergeant Forbes' testimony which provides, beyond a reasonable doubt, proof of each of the essential elements of the charges to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to Count Two of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is remanded to the custody of the United States Marshal Service pending further proceedings in this matter.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 29th day of January, 2015.

/s John S. Kaull
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE